IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-HC-2029-D

DAREN KAREEM GADSDEN, )
)
Petitioner, )
)
v. ) **ORDER**
)
WARDEN SMITH, )
)
Respondent. )

On October 19, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 5] and recommended dismissing without prejudice Daren Kareem Gadsden's ("Gadsden") 28 U.S.C. § 2241 petition. Gadsden objected to the M&R [D.E. 6] and filed a motion to amend his petition [D.E. 7].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Gadsden's objections do not meaningfully address the M&R. Because Gadsden's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Alternatively, Gadsden's objections lack merit. Gadsden's petition challenges the validity of his conviction. See, e.g., Pet'r Ex. A [D.E. 1-1] 1. Gadsden must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). Gadsden is procedurally barred from filing a section 2255 motion because he already filed one such motion, and the United States Court of Appeals for the Fourth Circuit has not authorized him to file a second or successive motion. See United States v. Gadsden, 651 F. App'x 192 (4th Cir. 2016) (per curiam) (unpublished), cert. denied, 137 S. Ct. 529 (2016); see 28 U.S.C. § 2255(h).

In United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), the court held that section 2255 is inadequate and ineffective to test the legality of a sentence when

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first [section] 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of [section] 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. Section 2255 is not rendered inadequate or ineffective merely because a petitioner is procedurally barred from filing a section 2255 motion. Vial, 115 F.3d at 1194 n.5. Gadsden cannot satisfy the Wheeler test because Gadsden does not cite any change in the law that applies retroactively on collateral review. See Wheeler, 886 F.3d at 428–29; Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Rather, Gadsden argues that the government convicted him on insufficient evidence. Pet'r. Ex. A. [D.E. 1-1] 1. The Fourth Circuit rejected this argument. See United States v. Gadsden, 616 F. App'x 539, 541–46 (4th Cir. 2015) (unpublished). Accordingly, the court dismisses Gadsden's petition.

2

Gadsden also seeks to amend his petition [D.E. 7]. Gadsden's amended claims, however, are futile because Gadsden continues to challenge the legality, rather than the execution, of his conviction and sentence. See Am. Pet. [D.E. 7-1] 2–4; Coleman v. Brooks, 133 F. App'x 51, 52 (4th Cir. 2005) (per curiam) (unpublished).

In sum, after reviewing the M&R, the record, and Gadsden's objections and motion, the court GRANTS Gadsden's motion to amend [D.E. 7], ADOPTS the conclusions in the M&R [D.E. 5], OVERRULES Gadsden's objections [D.E. 6], and DISMISSES Gadsden's petition and amended petition. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The clerk shall close the case.

SO ORDERED. This 11 day of September 2018.

JAMES C. DEVER III
Chief United States District Judge

3